IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING



**FILED**

**Margaret Botkins
Clerk of Court**

*11:29 am, 11/26/24*

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>VS.<br><br>HERIBERTO GARCIA-RODRIGUEZ,<br><br>    Defendant, | Case No.  03-CR-0061 |

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(1)(A)(I)**

This matter is before the Court on Defendant's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and Motion for Appointment of Counsel. (ECF No. 174.) Defendant requests a reduction in his sentence based on "extraordinary and compelling reasons". (ECF No. 174 at 1.) Notably, this is the latest in a long line of previous motions for sentence reduction filed by Defendant. (ECF Nos. 135, 153, 165, 171.) Having considered the motion and the government's response (ECF No. 180), the Court finds a sentence reduction is not authorized by 18 U.S.C. § 3582(c)(1). Consequently, the Court denies Defendant's Motion for Counsel and Motions for Orders Directing Government to Produce Defendant's Post-Rehabilitation Documents and Medical Records. (ECF Nos. 174, 175, 176.)

## BACKGROUND

Defendant is currently serving a mandatory life sentence for possessing about 16 pounds of methamphetamine with intent to distribute. (ECF No 61 at 1; ECF No. 75 at 1-2.) The facts underlying Defendant's conviction and sentence have been recounted by the Court multiple times in past orders denying Defendant's prior motions for sentence reductions, so the Court will not restate, but reincorporate them here. (*See* ECF Nos. 145, 164, 169, 173.)

Defendant's present motion seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). This subsection allows the Court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction". 18 U.S.C. § 3582(c)(1)(A)(i). Defendant presents the following facts as extraordinary and compelling reasons for a sentence reduction: (1) Defendant has been incarcerated for over ten years of his sentence, (2) Defendant received an unusually long sentence for his minimal participation in the underlying crime, and (3) Defendant's rehabilitation record shows that, if released, he is no longer a danger to the public. (ECF No. 174 at 4.)

## LEGAL STANDARD

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) ("[S]entence modifications are to be the exception, not the rule."). However, a Court may modify a defendant's sentence when there are extraordinary and compelling circumstances that warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i) (a motion under this rule is typically referred to as a "compassionate release motion"). Only when a

district court finds the following may it grant a motion for reduction: extraordinary and compelling reasons warrant a reduction, a reduction is consistent with the applicable Sentencing Commission's policy statements, and § 3553(a) factors favor a reduction. *U.S. v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (noting that a district court may deny a compassionate release motion when any of these three prerequisites are lacking).[1]

When determining what qualifies as an extraordinary or compelling reason, District courts "have the authority to determine for themselves what constitutes extraordinary and compelling reasons". *Id.* at 1045. For guidance, a court may utilize the United States Sentencing Guidelines to determine what constitutes extraordinary and compelling reasons. *See United States v. Crosby*, No. 24-3018, 2024 WL 2955558 (10th Cir. June 21, 2024); *United States v. Juarez*, No. 17-cr-0235, 2024 WL 3859939 (10th Cir. Aug. 19, 2024). Relevant to Defendant's motion, "a defendant [who] received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law… may be considered in determining the defendant presents an extraordinary or compelling reason…." U.S.S.G. § 1B1.13(b)(6).

## ANALYSIS

Defendant argues the following as evidence of extraordinary and compelling reasons for a sentence reduction: (1) Defendant has been incarcerated for over ten years of his sentence, (2) Defendant received an unusually long sentence for his minimal

---

[1] The Court notes that Defendant has satisfied the prerequisites for filing a compassionate release motion. 18 U.S.C. § 3582(c)(1)(A). Defendant filed this motion no less than 30 days from when the warden at Defendant's prison received Defendant's request that the Bureau of Prisons brings this compassionate release motion on his behalf. (ECF No. 174 at 13.)

participation in the underlying crime, and (3) Defendant's rehabilitation record shows that, if released, he is no longer a danger to the public. (ECF No. 174 at 4.)

These are not new propositions for Defendant. Defendant has made repeated sentence reduction requests to this Court on the grounds that he is serving an unusually long sentence—a claim to which the Government has consistently denied, stating that Defendant's life sentence is within his properly calculated guideline range of 360 months to life. (*See Government's Responses* ECF Nos. 172 at 2, 180 at 2.) Importantly, this Court has repeatedly denied Defendant's motions on the grounds that Defendant's life sentence for his criminal convictions does not amount to an extraordinary or compelling reason to reduce his sentence. (ECF Nos. 147 at 5-6, 164 at 5, 173 at 5.) This Court has also pointed out that even if Defendant were sentenced under current law, he would likely be subject to a 30-year guideline sentence. (ECF Nos. 147 at 6, 145 at 11.) So, given that Defendant has served 21 years, releasing him now without any other compelling reason,[2] would result in an unjust disparity between Defendant and similarly situated persons. (*Id.*)

For these reasons, and those previously stated, the Court finds that Defendant has failed to provide any reason or circumstance that warrants this Court's departure from its earlier rulings and DENIES Defendant's Motion for Sentence Reduction.

---

[2] While Defendant contends that his rehabilitation record supports a sentence reduction, this Court has previously held that, absent unique or exceptional circumstances, rehabilitation is not a favored factor for compassionate release motions. (ECF No. 147 at 8); *See* 28 U.S.C. § 994(t); *United States v. Mora*, No. 98-CR-108-SWS, 2021 WL 2407913, at *6 (D. Wyo. May 27, 2021).

**THEREFORE, IT IS ORDERED** that Defendant's Motion for Sentence Reduction (ECF No. 174) is **DENIED**.

**IT IS FURTHER ORDERD** that Defendant's Motion for Appointed Counsel (ECF No. 174), Motion for Order Directing Government to Produce Defendant's Post-Rehabilitation Documents (ECF No. 175) and Motion for Order Directing Government to Produce Defendant's Medical Records (ECF No.176) are **DENIED**.

Dated this 26th day of November, 2024.

Scott W. Skavdahl
United States District Judge